UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES POPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00172-JMS-MJD |
| | ) | |
| RICHARD BROWN, | ) | |
| JACKIE WEST-DENNING, | ) | |
| WEXFORD HEALTH SERVICES, INC., | ) | |
| CHELSEY PEARSON, | ) | |
| FNA RIGGS, | ) | |
| KIMBERLY HOBSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Screening of Complaint**

**A.** *Legal Standards*

Plaintiff Charles Popp is an inmate at Wabash Valley Correctional Facility. Even though the complaint was filed by counsel and the filing fee was paid, because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.** *Allegations*

The complaint, brought by counsel, names six defendants: 1) Warden Richard Brown; 2) Wexford Health Sources, Inc. ("Wexford"); 3) Dr. Jackie West-Denning; 4) Medical Assistant Chelsey Pearson; 5) Registered Nurse Riggs; and 6) Health Care Service Administrator Kimberly Hobson. Mr. Popp seeks compensatory and punitive damages and injunctive relief.

Mr. Popp alleges that on April 8, 2018, he injured his left thumb while at recreation. He was taken to medical and was provided medical tape, splints, and Tylenol. On April 10, 2018, Mr. Popp went back to medical for an x-ray but instead Dr. West-Denning loosely taped the thumb and sent him back to his cell. On April 12, 2018, the thumb was x-rayed and he was told to keep wearing the splint. On April 20, 2018, Mr. Popp was informed that the thumb was fractured. He was sent to an outside medical facility in Terre Haute, Indiana, on April 25, 2018.

The doctor who examined Mr. Popp's thumb told him that it was broken at the joint and he should have been seen earlier. Due to the delay in being seen, surgery was no longer an option. Mr. Popp was told that splints and tape were not sufficient to treat the injury. He was given a "gamebreak" cast and returned to the prison.

On June 8, 2018, more x-rays were taken and sent to the Terre Haute doctor. On June 18, Mr. Popp was seen again by the private doctor, who determined that bone platelets were growing over the ligaments and the "gamebreak" cast would not work. This was allegedly because of the delay in being provided the necessary medical care.

Nurse Riggs told Mr. Popp that he was cleared to return to work at his kitchen job even though Mr. Popp questioned her whether that was true. When Mr. Popp tried to work on June 19, he could not hold trays or pans of food with his left thumb due to the loss of strength. His supervisor sent him back to medical.

On June 21, Dr. West-Denning evaluated and measured Mr. Popp's thumbs, noting that his left was one centimeter larger than his right. She told him she had not released him to work. She said she would evaluate his thumb again in two weeks.

On June 24, Mr. Popp wrote to Ms. Hobson and asked to be seen by someone other than Dr. West-Denning and Nurse Riggs. On July 3, Ms. Hobson told Mr. Popp he would be off work until July 10, he would have a follow-up with Dr. West-Denning, and he should continue doing his thumb exercises and take Tylenol when needed.

Mr. Popp saw Dr. West-Denning on July 10 and she noted that his left thumb was still larger than his right. Mr. Popp alleges that he has not recovered the use of his left thumb.

**C.**  *Discussion*

Mr. Popp brings Eighth Amendment claims under § 1983 against all the defendants. He alleges that the defendants "breached their constitutional duty to provide suitable and timely medical care for and to Popp." Dkt.1 at 8.

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of

and the official sued is necessary.")). There are no allegations of specific wrongdoing made against Warden Brown. His mere position as Warden is not a sufficient basis to find him liable for deliberate indifference under the Eighth Amendment. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The claim against Warden Brown is **dismissed for failure to state a claim upon which relief can be granted.**

Similarly, there are no allegations of wrongdoing asserted against Medical Assistant Chelsey Pearson. The claim against Ms. Pearson is **dismissed for failure to state a claim upon which relief can be granted.**

Because Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Glisson v. Indiana Department of Corrections,* 849 F.3d 372, 379 (7th Cir. 2017); *Jackson v. Illinois Medi-Car, Inc*., 300 F.3d 760, 766 n.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Bopp must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. No such allegation has been made. Accordingly, the claim against Wexford is **dismissed for failure to state a claim upon which relief can be granted.**

"The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942

F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted). Deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (internal quotation omitted).

Mr. Popp sustained his thumb injury on April 8, 2018. He was seen by medical staff that day and given medical tape, splints, and Tylenol. He was seen by Dr. West-Denning two days later, on April 10. Dr. West-Denning examined the thumb and loosely taped it. Mr. Popp's thumb was x-rayed April 12, revealing a fracture. When Mr. Popp was seen by an outside physician on April 25, he was told that he should have been seen sooner to have surgery. The physician allegedly told Mr. Popp that the splints and tape provided by Dr. West-Denning and her staff were not sufficient to treat the injury.

The complaint does not allege facts from which an inference can be made that defendants Riggs, Hobson, or Dr. West-Denning knowingly refused to provide proper care. There are no allegations that these defendants knew that the treatment they did provide would not be effective, or that an outside physician examination and surgery should have been provided sooner than 17 days after the injury. While the allegations made against these defendants certainly could be read to support a claim of negligence, no negligence claim is raised in the complaint. Negligence – even gross negligence – is not a sufficient basis to find a constitutional violation. Accordingly, the deliberate indifference claims against defendants Riggs, Hobson, and Dr. West-Denning are **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

## II. Show Cause

The complaint must be dismissed for the reasons set forth above. Mr. Popp shall have **through April 30, 2020,** in which to either **show cause** why Judgment consistent with this Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry.

If Mr. Popp fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED**.

Date: 4/2/2020

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com